UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

KEITH BERNARD WILEY; §
§
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ §

**Plaintiffs** §

vs. § CIVIL ACTION NO. W20CV1059

DAQUISHA LEA DUNBAR; §
TORRIE WHITE; TRESA SILCOTT;
JULIE BRANCH; DIANA DUPONT;
BEVERLY DAVIS; AARON MOON; §
JENNINE JAROLIK; CHARLES VAN
ORDEN; NATALIE FLOWER;
SCOTT SINSABAUGH; JOHN MESSER; §
RALPH GARCIA; LINDSAY BEATON.
§

### PLAINTIFFS ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT;

Comes now, Plaintiffs now files this § 1983 civil complaint alleging that the aforementioned Defendants while acting under the color of the law, deprived the Plaintiffs of the their civil rights. Plaintiffs sues each and every defendant in their individual capacity.

# -I-

## PLAINTIFFS

1. Keith Bernard Wiley, 405 Creek Street, Apt. A, Copperas Cove. Texas 76522.

2. ███████████████████████████████████████████████████████

3. ███████████████████████████████████████████████████████

4. ███████████████████████████████████████████████████████

# -II-

## DEFENDANTS

The following Defendants can be served at their attached addresses;

5. Daquisha L. Dunbar, 701 W. 51st St., Austin, Texas 76751.

6. Torrie White, 701 W. 51st St., Austin, Texas 76751.

7. Tresa Silcott, 701 W. 51st St., Austin, Texas 76751.

8. Julie Branch, 701 W. 51st ST., Austin, Texas 76751.

9. Diana Dupont, 701 W. 51st St., Austin, Texas 76751.

10. Beverly Davis, 701 W. 51st St., Austin, Texas 76751.

11. Aaron Moon, 701 W. 51st St., Austin, Texas 76751.

12. Jennine Jarolik, 104 S. Main St., Belton Texas 76751.

13. Charles V. Orden, 104 S. Main St., Belton, Texas 76513.

14. Lindsay Beaton, 112 North Main St., Belton, Texas 76513.

15. Ralph Garcia, 112 North Main St., Belton, Texas.

## -III-

## JURISDICTION AND VENUE

16. Plaintiffs complaint arises under the United States Constitution and Federal Statutes.

17. This Court has jurisdiction over this action under Title 42 USC § 1983; 1985; 1986; 1987; 1918; and Title 28 USC § 1331 and Title 18 USC § 1621.

18. Venue proper in this Court pursuant to 28 USC § 1391(b).

## -IV-

## FACTUAL ALLEGATIONS UNDERLYING ALL CLAIMS

19. Plaintiff, Keith Wiley and his wife, Lois Wiley were appointed Managing Conservators of our three (3) grandchildren Plaintiffs ███████████████ extending from an "FINAL DECREE OF CONSERVATORSHIP" court order dated December 19, 2013; issued by the 250th Judicial District Court of Travis County, Texas.

20. We, the plaintiffs moved to Killeen, Bell County, Texas, on October 31, 2017.

21. The childrens parents Christoper Brown, Sr. and Streisand Harper, whom were appointed by the Court as Possessory Conservatorship; later moved to Killeen the first of the year of 2018. Per order of the Final Decree, they were to take possession of the Plaintiff Children for 31 days during July, at their residence.

22. On or about August 2, 2018 I called the Department of Family Protectiveb Services (DFPS) hot-line and reported that at the end of July 2018 the Plaintiff Childrens mother, Ms. Harper had

endangered the life of plaintiff-child ▇ by drinking, with an open container of alcohol in the van; while allowing ▇ to drive the van. While driving the van ▇ ost control of the van and hit the brakes abd slammed his mothers face into the dash, leaving a large bruise.

23. On August 15, 2018 DFPS investigator, defendant Dunbar came to Plaintiff Wiley's house to interview plaintiff and his wife; where I explained to her what I had stated in my report to the DFPS hot line.

24. Defendant Dunbar then interviewed two of the plaintiff-children ▇ then allowed them to remain at my home, because she felt that they were safe.

25. On August 16, 2018 Defendant Dunbar went to interview the parents at their house, the mother confessed to the allegations, that she had been drinking while allowing ▇ to drive her van. After the interview Investigator defendant Dunbar removed one of the child plaintiff ▇ from the parents residence, by calling me in order to return him to my residence.

26. On August 23. 2018 at a family team meeting that was held at the DFPS offices; where the allegations concerning the mother were discussed. DFPS then determined that in light of the fact that there were many safety risk (the parents and the grandmother were accused by the plaintiff-children; of using marijuana), the DFPS decided that the plaintiff-children would be allowed to stay at the Plaintiff Wiley's house; and that plaintiff, Keith Wiley would be allowed to supervise visits between the plaintiff-children and their parents.

27. At that time defendant Dunbar and her supervisor defendant Torrie White, stated that they were going to forward a copy of their report and findings to the Court for it's disposition into this matter.

28. Plaintiff assert that the abovementioned circumstances and actions of the DFPS would have fallen under DFPS (non-emergency) guild-lines, where the plaintiff-children would be allowed to stay in plaintiff Wiley's house, even though there was a signicant risk of abuse or neglect; nonetheless, Plaintiff attest that such circumstances did not call for an emergency removal of the plaintiff-children from plaintiff Wiley's house.

29. On or about August 20, 2018 defendants Dunbar, White, Silcott, Branch and Dupont conspired together to secretly open a falsified physical abuse case # 47299995 against me where I was falsely accused of physically abusing my grandson plaintiff- ▮▮▮▮▮ This case was later Administratively Closed on August 27, 2018 for lack of evidence.

30. Although it was Administratively Closed, it was still used against me to take away my visitation rights and later used to slander my character.

31. On August 27, 2018 DFPS and defendant Dunbar on the authorization of her supervisor defendant Torrie White; committed perjury when she filed a False Affidavit with the Court which arbitarily changed the composition of the initial DFPS (**Non-Emergency Charges**) of the mothers failure to provide a safe environment for her children; to much the more serious (**Emergency Charges**) of <u>**SEXUAL ABUSE.**</u>

32. Within her False Affidavit to the Court Defendant Dunbar stated that she had received an referral on August 13, 2018 that sexual abuse had occurred, and that the Planitiff-children should be removed from the parents house and from the Plaintiffs' house. And went on to request within the DFPS petition to the Court, that Emergency Orders shoule be issued because there was a continuing danger to the physical health and safety of the children, and that there was a substanial risk that children would be victims of sexual abuse in the future.

33. In addition to the DFPS defendants obtaining the Petiton from the Court through fraudulent means; the Court granted the DFPS defendants Dunbar and White's request to appoint DFPS as Temporary Managing Convervators of the Plaintiff-Children, and issued an emergency removal of the plaintiff-children and had the plaintiff-child to be immediately from the plaintiffs' home.

34. The plaintiff asserts that there was no 24 hour hearing conducted by the Court to determined whether the plaintiff-childred would remain in the custody of the defendants or returned to the plaintiff; nor was the plaintiff provided a timely adversary hearing.

35. On August 27, 2018 Defendant Dunbar and Defendant White came to plaintiffs home and confiscated the plaintiffs-childrens legal papers, SSI cards and medical cards. And Then informed plaintiff that since plaintiff was the plaintiff-childreds Social Security Payee, that SSI checks would be confiscated immediately.

36. Plaintiff asserts that because the defendants illegally took the plaintiff-childred SSI payments without even considering whether or not the children be returned to the plaintiff; caused the plaintiff and his wife to be evicted from their 4 bedroom home; because the SSI payments were used to support the house, food and utitities.

37. In an effort to prevent the illegal restraint of the plaintiff-children plaintiff filed a Motion for Temporary Restraining Order and Preliminary Injunction, on August 30. 2018 alleging that DFPS had illegally acquired the Emergency Removal Order concerening the plaintiff-children by providing the Court false and perjured testimony.

38. On September 6, 2018 the defendant Court held a hearing; where the Court simply appointed counsel for the plaintiff-children parents.

39. At that very same hearing on September 6, 2018 plaintiff requested of the Court to hear plaintiffs motion for T.R.O and P.I.; but the Court refused to hear such Motions until September 17, 2018.

40. On September 15, 2018 plaintiff filed an Amended Motion for T.R.O and P.I. Which clarified the issues asserted in my first Motion for T.R.O. And P.I.; but the clerk failed to timely file it. Therefore on September 17, 2018 the Court only ruled on the first Motion and denied it.

41. Until this very day the defendant Court has refused to rule on plaintiffs Amended Motion for T.R.O. And P.I.

42. On October 7, 2018 plaintiff filed an Interocatory Appeal, appealing the defendant Courts dismissal of the T.R.O and P.I. Until this very day the Court has refused to process it.

43. On October 31, 2018 plaintiff filed an "Motion to Modify the Courts Order" alleging that the circumstances had changed since the filing of this DFPS case; and due to the fact that all of the false cases that DFPS had placed upon the plaintiff had been dismissed as (Administratively Closed). Requesting that the plaintiff-children be returned to plaintiff as their Managing Conservator; because the plaintiff-children were being abused and neglected while in DFPS custody. And that such abuse significantly has impaired the plaintiffs-childrens physical and emotional development.

44. Plaintiff asserted that since August 27, 2018 after the plaintiff-child had been removed from Plaintiffs home that Plaintiff-child (███████████) had received 2 Brain concussions bruised collarbone and ribs ; and was not provided his psychotropic medications for his anxiety attacks for approximately 3 ½ weeks. And their failure to take Plaintiff-child ███ to his psychiatrist, which would have allowed his medication to e immediately renewed.

45. Plaintiff-child (█████████) while in the custody of DFPS was transferred to Greensville, Texas (Treatment Center) where within a week in time was beaten and kicked all over his body, by 4 or 5 clients of the treatment center. █████ suffereed serious head injuries which caused serious twitching in his neck and dizziness. He was never taken to the hospital for treatment.

46. A few days later while at school, █████ again was asualted by 3 more clients.

47. Then the next day █████ was assualted again by numerous clients of the treatment center.

48. After returning to the treatment center, plaintiff-child, █████ after being traumatized by the series assualts within that one week, decided to try and take his own life, by climbing upon the roof of the treatment center, and threaten to jump off. He was talked down by one the treatment center officials and was transferred to a mental hospital for a psychological assessment.

49. A few days later the mental hospital attempted to release █████ back to the treatment center the treatment refused to accept him back into the treatment facility.

50. The defendats DFPS, then stated that because they had run out of space, and no where to place, █████; they illegally placed him back into the home of the Mother, the perpetrator of this open-pending DFPS case, unsupervised.

51. DFPS when they placed the (3) plaintiff-childred into their system; they were seperated. █████ was placed into North Texas, Greensville, TX; █████ into Austin, Texas. And █████ in Houston, Texas.

52. On October 31, 2018 Plaintiff filed an Motion to Modify the Courts Order, alleging that the circumstances had changed since the filing of this DFPS case in that all of the false charges that had been filed against Plaintiff had been dismissed (Administratively Closed); and that due to the fact that the plaintiff-childred were being abused and neglected while in the illegal custody the DFPS.

53. The Court refused to hear my Plaintiffs Motion at that time; and set a hearing date for
54. November 18, 2018. The parents Attorney filed a "Motion for a Monitored Return of the Children" on November 16, 2018, the Court granted them a hearing for November 19, 2018.
55. On November 16, 2018 Plaintiff filed his objections in response to the parents attorney's Motion, Within Plaintiffs objections plaintiff requested that the parents Motion for a Monitored Return of the plaintiff-childred be held in abeyance, until the Court adjudicates Plaintiffs Modify to Modify. Which had been on file and pending before the Court since October 31, 2018. Which asserted the very same reasons as the parents motion; that the plaintiff-children be release from the illegal custody of the DFPS, due to their being abused and neglected while in their custody.
56. Plaintiff further requested the abeyance, in these proceedings; until the another Court could adjudicate a pending Writ of Habeas Corpus; which alledged that the defendants had violated the plaintiffs Substantive and Procedural Due Process Rights; and also challenging this Defendant Judge Orden Courts' jurisdiction.
57. Defendant Orden refused to hear Plaintiffs Motion to Modify; and then went on to the grant the defendants Motion for a Monitored Return of the Children thus granting the parents custody.
58. When the Plaintiff objected to the Courts' decision, by stating how could the Court just allow the parents custody when we had the plaintiff-children for the past 10 years, while plaintiff had no pending DFPS cases, and that the parents, both had open DFPS cases; and especially since the plaintiff-children had been kidnapped from our custody.

59. At that time defendant Judge Orden began to yell at the Plaintiff at the top of his voice, 'That He was the reason for the removal of the children because he was the Judge' and 'that he had been doing this for years who am I to question him' and then yelled, 'What law School did I study the law'. Plaintiff simply replied, Sir, I think you made a mistake, I am just objectioning to save this issue for appeal.

## CLAIMS FOR RELIEF

### COUNT I

### Substantive and Procedural Due Process Violation and Equal Protections Violations

60. Plaintiffs re-alleges and incorporates by reference each and every allegation set forth in ¶¶ 22 through 36; that the defendants Daquisha Dunbar investigator for the Department of Family Protective Services, hereinafter refered to as (DFPS); Torrie White, Supervisor and Tresa Silcott, Departmental Supervisor, violated plaintiffs substantive and procedeural due process rights and equal protection rights, while acting under color of law; when they conspired together by knowingly and intentionally bringing an perjuried affidavit before the Clerk and Court under false pretenses that were used to circumvent, a substantive due process right Title 40, Texas Administrative Code §700.507(c)(1); (A State Created Liberty Interest); which violated a Standing Order from the 205th Judicial District Court of Travis County, Texas and to illegally take custody from the Plaintiff whom had a greater right to the plaintiff-children than the Court and or the DFPS.

# COUNT II

## Substanial and Procedeural Due Process Violations

61. Plaintiffs re-alleges and incorporates by reference each and every allegation set forth in ¶¶ 19 through 62; that the defendant Judge Orden violated plaintiffs substantive and procedural due process and equal protection rights while acting under color of the law when the defendant Orden knowingly and intentionally failed to provide the plaintiffs with the Constitutional protected Show Cause Hearing on August 27, 2018; and the Show Cause Hearing 24 hours after the removal of the plaintiff-children from the plaintiffs home; and then the 14 day Adversary Hearing, all created liblerty interest protected by the U.S. Constitution and the Texas Constitutions.

62. Petitioner has already asserted the fact that the defendants had fraudulently acquired a Court order on August 27, 2018; and because of such were allowed to conduct a Show Cause Hearing in the defendant Judge Orden chambers, without giving the plaintiffs any type of judicial legal notice, nor the opportunity to present any evidence in their defense. The defendants ( Dunbar, White and Silcott) without notice or adversary hearing immediately requested of the Court to appoint the DFPS as Managing Conservators of the plaintiff-children thus denying the plaintiff his legal rights to the plaintiff-children. The plaintiff-children were illegally that very same day August 27, 2018. Again there was no 24 hearing to determine whether the plaintiff-children would remain in the custody of the defendants or returned to the plaintiff; which violated the plaintiffs due process rights. Nor was there a timely adversary hearing held which denied plaintiffs his procedeural due process rights, in violation of the 5th and 14th Amendments of the U.S. Constitution and the Texas Constitution, Art. I, sec.19.

## COUNT III

### § 1985 (3) Conspiracy to interfer with civil rights

63. Plaintiffs re-alleges and incorporates by reference each and every allegation set forth in ¶¶ 19 through 62; that all of the defendants through an concerted effort did conspire to deprive plaintiffs of their civil rights.

## COUNT IV

### § 1986 Action for neglect to prevent

64. Plaintiff re-alleges and incorporates by reference each and every allegation set forth in ¶¶ 19 through 62; that all of the defendants had knowledge of the wrongs conspired to be done and mentioned in § 1985 of this Title, were about to be committed and had the power to prevent,or aid in preventing the commission of the same, neglected or refused to do so. Plaintiffs asserts that the defendants were put on legal notice in open court by the plaintiff and his legal documents that were served upon all of the defendants of the many violations.

## COUNT V

### R.I.C.O. ACT VIOLATIONS

65. Plaintiff re-alleges and incorporates by reference each and every allegation set forth in ¶¶ 19 through 62, by all of the defendants (DFPS); is a continuation of the systematic and continuous illegal; Corrupt Enterprise, of kidnaping our children from us, under false pretenses, while collaborating with the Courts in a conspiracy to break up black families.

while placing our children into the DFPS system that had been held to be unconstitional by the U.S. District Court since January 9, 2017, see **M.D. Vs Abbott; 2;11-cv-84** (S.D. Tex.2017) A system also held to be deficient, which has placed the plaintiff-children at risk and engendering adverse social consequences upon their precious lives. The RICO addresses the corrupt abuse and misuse of these superfically legitmate entities DFPS and this defendant Court, whom have operated for criminal purposes; irrelevant to their lawful purpose.

### REQUEST FOR RELIEF

WHEREFORE; Plaintiff ask of this Court;

A. To enter a Judgement declaring that defendants have violated plaintiffs;
   1. Civil Rights under Title 42 U.S.C. § 1983;
   2. Substanial and Procedeural Due Process and Equal Protection Rights;

B. To enter a Judgement declaring that defendants have committed Conspiracy to Interfere with Plaintiffs Civil Rights under Title 42 U.S.C. § 1985 (3) Depriving persons of rights or privileges.

C. To enter a Judgement declaring that defendants have committed Actions for Neglect to Prevent under Title 42 § 1986.

D. To enter a Judgement declaring that defendants have committed violations of the R.I.C.O Act.

E. To enter a Judgement declaring that defendant Dunbar committed perjury.

F. To award each Plaintiff puntive damages in the amount of $ 100,000.00 from each individual defendant.

-13-

G. To award each Plaintiff compensatory damages in the amount of $ 100,000.00 from each individual defendant.

H. To award plaintiffs his Attorney fees and cost pursuant to 42 U.S.C. § 1988.

I. To grant such other and further relief as the Court deems just and proper.

## CERTIFICATION AND CLOSING

Under Federal Rule of Civil Procedeure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint; (1) is not being presented for an improper purpose, such as to harass, cause unnessary delay or needlessly increase the cost of litigation; (2) is supported by existing law or by non frivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or; if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing; November 16, 2020

Keith Wiley
405 Creek St. Apt. A
Copperas Cove, Texas 76522
E-mail; mr.musawali@yahoo.com